STATE, *ex rel.* G. A. WORLEY, v. J. M. LEE, as State Comptroller.

168 So. 809.
Division B.
Opinion Filed June 10, 1936.

*James M. Carson, Fred Pine* and *Vincent C. Giblin,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *John L. Graham,* Assistant Attorneys General, for Respondent.

BUFORD, J.—This is an original mandamus proceeding to coerce the Comptroller to issue his warrant to George A. Worley as State Attorney for the Eleventh Judicial Circuit of Florida in the sum of $5,201.15 in payment of commission alleged to have been earned by Worley as State Attorney in prosecution of a claim and collecting the same on the bond of Bob Simpson, formerly Tax Collector in and for Dade County, Florida, which collection was alleged to have been in the sum of $52,011.53 which is alleged in the alternative writ to have been transmitted to the Comptroller in due course.

The case is before us on motion to quash.

The alternative writ of mandamus is defective in that it does not allege that the Comptroller at the time of the issuance of the writ had in his hands sufficient funds applicable to the payment of the Relator's claim with which to pay the same. Disregarding this infirmity, however, the motion to quash presents the question as to whether or not the provision contained in Chapter 15,859, Acts of 1933, in the following language, to-wit:

"Each State Attorney who is now entitled to receive, under the provisions of; any law of the State of Florida, $6,000.00 or more per annum............................$4,500.00

"Each of the several State Attorneys entitled to receive $4,500.00 under Chapter 15,720, Laws of Florida, Acts of 1931............................$3,000.00

"Each of the several State Attorneys now entitled to receive under the provisions of any law of the State of

Florida $3,000.00 or more per annum, and whose salary is not otherwise provided in this Act_____$3,000.00 "The above amounts so fixed shall be the only compensation to be allowed for all services rendered by State Attorneys." has the effect of nullifying Section 3024 R. G. S., 4767 C. G. L.

Section 3024 R. G. S. is included in Article 7 of Chapter 2, Division 2, Title 3, of Revised General Statutes of Florida, which Article referring to compensation for State's Attorneys, bears the headline, "His Compensation."

The provisions of the particular section relied upon by the Relator are as follows:

"Percentage and Actual Expenses, upon Collections.—. He shall receive from the State his actual expenses incurred in the prosecution of all charges against collectors of revenue, sheriffs or other officers, or the sureties on their bonds, and a commission of ten per cent. on all moneys collected by him or paid into the treasury on account of any claim prosecuted or compromised by him the amount of his expenses and his commissions to be paid by the Treasurer of the State on the warrant of the Comptroller, who shall issue his warrant for the same on the presentation of accounts duly sworn to, such payments to be made out of the funds received from the claim or claims prosecuted, and to be charged as an expense incurred in the prosecution of such claim or claims; and in case there be no collection, the actual expenses to be paid out of any money in the treasury not otherwise appropriated."

It is first contended that the title of the Act is not broad enough to permit of the inclusion in the Act of the language referring to the compensation of State Attorneys as follows:

"The above amounts so fixed shall be the only compen-

sation to be allowed for all services rendered by State Attorneys."

The constitutional provision in regard to titles to legislative Acts is found in Section 16 of Article III of the Constitution and requires that "each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

We find no merit in the contention that the title to Chapter 15,859 is not broad enough to include the language above quoted. Certainly the compensation of State's Attorneys is a matter connected with the salaries fixed by law to be paid to State's Attorneys.

Relator relies largely on the opinion and judgment of this Court in the case of State, *ex rel.* Simmons, v. Lee, 119 Fla. 745, 160 So. 886. That case has no controlling effect on the case now before us because that chapter, 15,859, Acts of 1933, in fixing the salary to be paid to Circuit Judges did not provide that "the amount so fixed shall be the only compensation to be allowed for all services rendered by Circuit Judges." If this provision had appeared in the Act the result in the case of State, *ex rel.* Simmons, v. Lee might have been entirely different.

We hold that the above stated provision with reference to compensation to be allowed for all services rendered by State's Attorneys was, and is, within the purview of the title of the Act; that it is, therefore, a valid provision and that its effect was to supersede and by implication repeal Section 3024 R. G. S., 4767 C. G. L.

The motion to quash the alternative writ should be granted and the cause dismissed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—If the quoted provision of Chapter 15,859 be conceded to be within the title and valid, I think the repealing effect on the earlier Act, 4767 C. G. L., would extend only to compensation paid by the State, and should not be construed so as to preclude the collection by State Attorneys of commissions to be paid out of moneys collected by them for the use and benefit of subordinate political subdivisions for special services rendered for and on behalf of such subordinate subdivisions.